UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRELL K. PORTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:21-cv-01361-SEP |
| | ) |
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is Petitioner Jerrell K. Porter's "Affidavit [and] Notice of [Petition] to Enjoin and Stop State Prosecution." Doc. [1]. The Court construes Petitioner's filing as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed below, Petitioner is ordered to file an amended petition on a Court-provided form. He must also either file a motion for leave to proceed in forma pauperis or pay the filing fee.

### THE PETITION AND SUBSEQUENT FILINGS

Petitioner is a state pretrial detainee currently incarcerated at the St. Louis City Justice Center in St. Louis, Missouri. On November 15, 2021, he filed a document seeking to enjoin and stop the State of Missouri from prosecuting him in *State of Missouri v. Porter*, No. 2122-CR01099-01 (22nd Jud. Cir., City of St. Louis).[1] The Petition was handwritten and not on a Court-provided form. According to Petitioner, the action arises under both 28 U.S.C. § 2241 and 42 U.S.C. § 1983.

In his Petition, Petitioner states that he was originally charged in state court under case number 2122-CR0085. Doc. [1] at 1. This case was dismissed on July 1, 2021, because the prosecutor was unprepared to present evidence at the preliminary hearing. Doc. [1-1] at 1-2. On July 2, 2021, the case was refiled. *Id.* at 2. Now, Petitioner asks the Court to enjoin and stop that prosecution. Doc. [1] at 1.

On November 18, 2021, Petitioner filed an "Affidavit [and] Motion to Enjoin and Stop State Prosecution." Doc. [2]. In that document, he alleges violations of his constitutional,

---

[1] The Court has reviewed Petitioner's underlying state court cases on Case.net, Missouri's online case management system. The Court takes judicial notice of those public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (the district court may take judicial notice of public state records).

statutory, and human rights.  Doc. [2] at 1.  He states that he has not "received the final disposition to the information, complaint, indictment lodged against [him]," and that he has been held in "harsh conditions."  *Id.* at 1.  He alleges that the prosecutor dismissed and refiled his case in order "to buy more time," which "falls into the category of Double Jeopardy," and "should be illegal under any statute."  *Id.* at 1-2.  He further claims that he has been incarcerated for over seven months, for six of which he has been unable to speak to his family.  *Id.* at 2.  He also alleges that he had COVID-19 while incarcerated and was denied medical care for 11 days, which eventually caused him to be hospitalized.  *Id.*  Finally, Petitioner asserts that he has "seen countless fights and violence" in jail, and that he is fearful for his "safety and life."  *Id.* at 3.

On November 29, 2021, Petitioner filed an "Affidavit [and] Motion to Squash Indictment [and] Case Dismissal with Prejudice."  Doc. [3].  In that document, petitioner once again asserts that his criminal case was dismissed, only to be refiled with a new case number.  *Id.* at 1.  Although Petitioner was never released from custody, he thinks "that this falls under [the] Double Jeopardy clause."  *Id.*  On December 6, 2021, Petitioner filed a document titled "Affidavit [and] Notice of [Petition] to Enjoin and Stop State Prosecution."  Doc. [4].  In it, Petitioner alleges that the State of Missouri dismissed and refiled his criminal case "for a specific tactical advantage" and asserts that the judge and prosecutor "had this planned out."  *Id.* at 1.  Petitioner again claims that he should have been released when his case was dismissed on July 1, 2021, but that he was "held in custody against [his] will" when the judge and prosecutor refiled the dismissed case on July 2, 2021.  *Id.*  Petitioner accuses the prosecutor of prosecutorial misconduct and requests that the Court put the judge and prosecutor "in front of the Board of Ethics" and ban them "from practicing law in the State of Missouri and any other state."  *Id.* at 3.

On December 8, 2021, Petitioner filed a document titled "Affidavit [and] Notice of [Petition] to Enjoin and Stop State Prosecution."  Doc. [5].  In it, Petitioner claims that after the July 1st dismissal of his case, he was kept in custody until "the prosecutor got the same judge . . . who had just dismissed the case . . . to reissue/refile on the same case/charge."  *Id.* at 1.  He argues that the State should not get to make repeated attempts to convict him.  *Id.*  In addition to his complaints about the judge and the prosecutor, Petitioner also asserts that he has received ineffective assistance of counsel, in that his attorney should have ensured that the dismissal of his case at the preliminary hearing was with prejudice.  *Id.* at 8.  Petitioner asks the Court to dismiss his case with prejudice because it is "null and void."  *Id.* at 5.

### ORDER TO AMEND

The Court construes Petitioner's initial November 15, 2021, filing as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  The Petition is deficient because it is not on a Court-provided form, as required by the local rules.  *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").  Furthermore, Petitioner has not demonstrated that he has exhausted his state remedies before filing his petition in federal court.  *See Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981) (petitioners seeking relief from state custody pursuant to § 2241 are required to exhaust state remedies).  As such, the Court will direct the Clerk of Court to send to Petitioner a copy of the Court's 28 U.S.C. § 2241 form.  Petitioner must submit an amended petition within 30 days from the date of this Order.  Failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Petitioner has not filed a motion for leave to proceed *in forma pauperis* or paid the filing fee.  The Court will therefore direct the Clerk of Court to send to Petitioner a copy of the Court's motion for leave to proceed *in forma pauperis* form.  Petitioner must either file a motion for leave to proceed *in forma pauperis* or pay the filing fee in this action within 30 days of this Order.  Failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice.

### MOTIONS TO ENJOIN, STOP, AND DISMISS STATE PROSECUTION

Since the filing of his Initial Petition, Petitioner has filed three Motions to Enjoin, Stop, and Dismiss [his] State Prosecution.  Those Motions are denied at this time, as Petitioner is being ordered to submit an amended 28 U.S.C. § 2241 petition on a Court-provided form.

### 42 U.S.C. § 1983 CLAIMS

Petitioner states that his case arises in part under 42 U.S.C. § 1983.  His subsequent filings contain claims that appear to relate to his conditions of confinement.  Based on his allegations regarding the Double Jeopardy Clause, as well as the relief that he is seeking, the Court has construed this action as being filed pursuant to 28 U.S.C. § 2241.  Petitioner cannot bring § 1983 claims in a habeas case.  Thus, if Petitioner wishes to pursue any claims under § 1983, those claims must be brought in a separate civil action.  The Court will direct the Clerk

of Court to send to Petitioner a copy of the Court's prisoner civil rights form. If he wishes, Petitioner may fill out the form and file it as a new case.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall send to Petitioner a copy of the Court's 28 U.S.C. § 2241 form.

**IT IS FURTHER ORDERED** that Petitioner must file an amended petition on the Court form within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if Petitioner fails to file an amended petition on the Court form within **thirty (30) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to Petitioner a copy of the Court's motion for leave to proceed *in forma pauperis* form.

**IT IS FURTHER ORDERED** that Petitioner shall either file a motion for leave to proceed *in forma pauperis* or pay the filing fee within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if Petitioner fails to either file a motion for leave to proceed *in forma pauperis* or pay the filing fee within **thirty (30) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that Petitioner's Motions to Stop, Enjoin, and Dismiss his State Prosecution (Docs. [2], [3], [5]) are **DENIED**.

**IT IS FINALLY ORDERED** that the Clerk of Court shall send to Petitioner a copy of the Court's prisoner civil rights complaint form. If Petitioner wishes to file a case under 42 U.S.C. § 1983, he must do so in a **separate** action.

Dated this 23rd day of February, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

4