**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| JERRELL K. PORTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cv-01361-SEP |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Jerrell K. Porter's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Court dismisses the petition.

### BACKGROUND

Porter is a self-represented litigant who was incarcerated at the St. Louis City Justice Center in St. Louis, Missouri. On July 2, 2021, a criminal complaint was filed against him, charging him with one count of second-degree statutory sodomy. *State v. Porter*, No. 2122-CR01099 (22nd Jud. Cir. July 2, 2021). While awaiting trial, Porter initiated this case by filing a handwritten "Affidavit Notice of [Petition] to Enjoin and Stop State Prosecution." Doc. [1]. As he was a state pretrial detainee, the Court construed the affidavit as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the petition, Porter asserted that he was being held on a detention order that he did not "sign off on." Over the course of several months, Porter filed additional documents containing various allegations regarding his criminal case and confinement. Docs. [2], [3], [4], [5], [6], [7]. In February 2022, the Court directed Porter to file an amended petition on a Court-provided form, as required by the local rules. Doc. [8].

Porter submitted his amended 28 U.S.C. § 2241 petition on March 14, 2022. Doc. [9]. First, Porter alleges that he had been detained since May 14, 2021, and had not "been given a bond." Second, he states that he had been denied a speedy trial. Third, Porter accuses the prosecutor of prosecutorial misconduct. Finally, he alleges that his attorney was ineffective for failing to object when the judge gave the prosecutor more time. Despite these allegations, on

May 20, 2022, Porter pleaded guilty to the sodomy charge, and the state court sentenced Porter to a four-year term of imprisonment.

## DISCUSSION

At the time Porter filed his 28 U.S.C. § 2241 petition, he was a pretrial detainee. Federal law allows a pretrial detainee to petition for a writ of habeas corpus if he "is in custody in violation of the Constitution or laws or treaties of the United States," regardless of whether he is in custody pursuant to the judgment of a state court. 28 U.S.C. § 2241(c)(3). But Porter has since pleaded guilty and been sentenced to a term of imprisonment. "[A] person in custody pursuant to the judgment of a State court . . . can only obtain [habeas corpus] relief through [28 U.S.C.] § 2254, no matter how his pleadings are styled." *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001). Thus, § 2241 relief is unavailable to Porter, and the Court must dismiss his petition.

## CONCLUSION

As it plainly appears that Porter cannot obtain § 2241 habeas corpus relief, the Court dismisses the petition. *See* Habeas Corpus Rule 4. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED**. A separate order of dismissal accompanies this Memorandum and Order. The Court does not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A).

Dated this 13th day of September, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE